IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

United States of America

v.	3:22-CR-113- DJN

Rashon C. Torrence

Response to Motion in Limine to Admit Narcotics Evidence

Comes now your defendant, by counsel, and in response to the government's motion in limine to admit narcotics evidence, and responds as follows.

Background

The defendant is charged with a 922(g)(1), not possession with intent to distribute, or 924(c). In this Motion in Limine, the United States seeks to introduce evidence of narcotics found on the defendant's person and in the vicinity of the defendant's flight path to prove that the defendant was a drug dealer and was using and carrying the firearm found in furtherance of the drug dealing activity. Even if

this information is relevant for context, the probative value of the evidence the government seeks to introduce is outweighed by the prejudice that could be suffered by essentially converting the case to a different offense.

## Statement of Facts

The defendant fled his vehicle after a short traffic pursuit. Based on discovery produced thus far, the defendant was not a subject of pending investigation, not fleeing a separate crime scene, not wanted, and not known to law enforcement as a dealer of narcotics.

The government asserts that, upon apprehension, a baggie with 13 total tablets was found in the defendant's left jacket pocket and 44 pills with 12 partial pills labeled Xanax were found in the defendant's right front pocket. A pill bottle was also found on the street containing 122 pills marked Xanax. The officer has not indicated that he observed the defendant throw the bottle found on the street, but it was discovered along the path of the defendant's flight route.

The government has assumed that the 13 tablets found in the left pocket were methamphetamine, but only one of the thirteen pill was analyzed. The government has also noted that the possession of Clonazolam at the time was not against federal law.

## Law and Argument

This was a stop based on a traffic violation, either reckless driving or failing to stop at a stop sign. The defendant was not a subject of pending investigation, not fleeing a separate crime scene, not wanted, and not known to law enforcement as a dealer of narcotics. That being the case, there is no "prior act" in need of introduction to prove motive under 404(b). The question is relevance and probative value in light of the evidence. Counsel is aware that the rule of inclusion may require evidence to complete the story of the crime alleged, or set the context. If the court is, however, inclined to do so, the government's request to convert the defendant from a prohibited person to a drug trafficker would be extremely prejudicial. For example, the fact that $350 was found on the defendant is not probative of any element of firearm possession. The fact that pills were found which were not illegal under federal law is not required to establish any element of firearm possession. At best, this is background information, which is observed on the body camera videos recorded at the crime scene, and the minute detail and/or expert testimony establishing a connection between firearms and drug dealers creates unfair prejudice.

Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Thus, under Rule 403, relevant evidence is inadmissible where "there is a genuine risk that the emotions of the jury will be excited to irrational

behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." <u>Mullen v. Princess Anne Volunteer Fire Co.</u>, 853 F.2d 1130, 1134 (4th Cir. 1988). <u>United States v. Heuser-Whitaker</u> Record 19-1837 (4th Cir. July 25 (2022). That risk in this case is very real. Accordingly, if the court is inclined to admit this evidence, it should be severely limited to clarified by a limiting instruction to remove any potential unnecessary prejudice, or denied altogether.

                                        Respectfully Submitted

                                        Rashon C. Torrence

By:        /s/       
     Charles A. Gavin, Esquire
     Virginia State Bar #31391
     Attorney for Rashon Torrence
     Deskevich Gavin and Harris, PC
     1409 Eastridge Road
     Richmond Virginia 23229
     (804)288-7999
     (804) 288-9015 facsimile
     Email: c.gavin@dghlawpc.com