IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:22-cr-113-DJN |
| | ) | |
| RASHON CURTIS TORRENCE | ) | |
| | ) | |

### Trial Brief of the United States

The United States of America, by counsel, hereby files this Trial Brief.

### I.  Summary of Anticipated Facts

The United States anticipates that the evidence at trial will be, among other things:

Convicted felon Rashon Torrence threw a firearm during a foot pursuit with police. Around midnight on January 3, 2022, Richmond Police Department Officers Gomes and Danko were patrolling in a marked cruiser when they saw a truck speeding. The driver, later identified as Rashon Torrence, was wearing a black ski mask. The officers turned on their lights and sirens and attempted to conduct a traffic stop of Torrence. Torrence accelerated and disregarded stop signs. The officers pursued Torrence, reaching speeds of approximately 70 miles per hour in a residential area. After about a mile, Torrence abruptly stopped the truck in the middle of the road at the intersection of the Henrico-Richmond Turnpike and Crawford Street.

Torrence got out of the truck and ran down Crawford Street. Officer Gomes ran after Torrence, while Officer Danko stayed with the passenger of the truck, who had remained in the vehicle. Officer Gomes believed Torrence was armed because of the way Torrence ran. Torrence ran with his right arm close to his body and near his waist as if he were trying to remove an item from his waistband. By contrast, Torrence's left arm was swinging. Officer Gomes repeatedly

commanded Torrence to stop and to show his hands, but Torrence kept running. When Torrence got to a patch of bamboo trees next to a home at 400 Crawford Street, Torrence made a throwing motion with his right arm.[1] Officer Gomes, less than 10 feet away, saw a black object leave Torrence's hand and travel into the bamboo.



Almost immediately after throwing something black, Torrence fell—or otherwise stopped—a few feet in the bamboo, and Officer Gomes began to detain him. Officer Gomes put one handcuff on Torrence before Torrence broke free and continued running down Crawford Street, passing the intersection of Crawford and Waddey Streets, with Officer Gomes in pursuit. Torrence disregarded Officer Gomes' commands to stop, but this time ran with both of his hands up. Torrence made it a short distance, to approximately 335 Crawford Street, shown in the

---

[1] The patch of bamboo trees can be seen in the map at the plot of land labeled as 406 Crawford Street.

bottom left corner of the above map, before he stopped. As soon as backup officers arrived to help handcuff Torrence, Officer Gomes ran back to the bamboo and found a Ruger LC9 9mm pistol, loaded with one round in the chamber. The firearm had been reported stolen on November 27, 2021. Officer Gomes saw nothing else in the area consistent with what he had seen Torrence throw.

Officer Danko searched Torrence and found: (1) a baggie in his left jacket pocket with 10 tablets and 3 tablet fragments (determined by the Virginia Department of Forensic Science to contain methamphetamine); (2) a baggie in his right front pants pocket that contained 44 whole and 12 partial pills (stamped as "Xanax" but determined by DFS to contain clonazolam); and (3) $352. Officer Gomes also recovered a pill bottle on Crawford Street close to where he detained Torrence and on the path that Torrence ran. The bottle contained 122 pills that looked and tested the same as those recovered in Torrence's pocket (appearing as Xanax but containing clonazolam).

**II.     Status of the Case**

A federal grand jury sitting in Richmond, Virginia returned a one-count Indictment on August 2, 2022, charging Torrence with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. The United States anticipates that on February 8, 2023, the grand jury will return a Superseding Indictment to amend the interstate nexus language.

Trial is currently set for February 24, 2023, with jury selection on February 23. ECF No. 27. The Court has scheduled a final pretrial conference for February 15, 2023 at 2:30 p.m.

**III.     Elements of Charged Offense**

The essential elements of a violation of Title 18, United States Code, Section 922(g)(1) are:

1. The defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year;

2. The defendant knowingly possessed, transported, shipped, or received, the firearm;

3. The possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence, *United States v. Moye*, 454 F.3d 390, 395 (4th Cir. 2006); and

4. The defendant knew that "he belonged to a category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019); *United States v. Alston*, No. 19-4070, 2022 WL 313843, at *3 (4th Cir. February 2, 2022) (unreported).

The parties anticipate agreeing to stipulations concerning elements one, three, and four, and expect the only disputed issue will be whether Torrence knowingly possessed a firearm.

**IV.     Potential Legal/Evidentiary Issues**

The United States has filed a motion in limine seeking to admit evidence of narcotics seized from Torrence during this arrest, as intrinsic to the charged crime or to demonstrate Torrence's motive to possess a firearm. ECF No. 30. Torrence objects, arguing that the narcotics evidence is prejudicial. ECF No. 33. But Torrence has not established that "the evidence's probative value [is] substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *United States v. Queen*, 132 F.3d 991, 996 (4th Cir. 1997). Moreover, the parties have proposed a limiting instruction, and the United States has provided ample notice of its intent to introduce this evidence. *Id.* The narcotics evidence is highly probative to the only disputed issue and arises out of the same arrest as the

charged crime. The United States does not contest that there is some prejudice inherent in the proffered narcotics testimony but reiterates that the evidence "[is] only prejudicial because it [is] so highly probative." *Id.* "There is no suggestion that the . . . testimony would invoke emotion in place of reason" or would tend to "cause any confusion." *Id.* Accordingly, the Court should grant the United States' motion in limine.

                                      Respectfully submitted,

                                      Jessica D. Aber
                                      United States Attorney

                                          /s/
                                      Jessica L. Wright
                                      California Bar No. 301838
                                      Stephen W. Miller
                                      Virginia Bar No. 23704
                                      Assistant United States Attorneys
                                      U.S. Attorney's Office
                                      919 E. Main Street, Suite 1900
                                      Richmond, Virginia 23219
                                      Phone: 804-819-5400
                                      Fax:    804-771-2316
                                      Email: Jessica.Wright@usdoj.gov
                                                    Stephen.Miller@usdoj.gov